UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LINDA ZAJORK, *et al.*,

      Plaintiffs,

v.                                                     Case No. 17-cv-217-pp

HOTELES SOLARIS DE MEXICO SA DE CV,

      Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION
TO AMEND COMPLAINT (DKT. NO. 17)**

---

      The plaintiffs filed their two-count complaint in February 2017, alleging negligence and a violation of Wisconsin's safe place statute. Dkt. No. 1. One defendant, Hoteles Solaris De Mexico SA DE CV, filed an answer on June 27, 2017, dkt. no. 13, and the court has dismissed the other defendant—Transamerica Casualty Insurance Company—because the plaintiff failed to timely serve it with the summons and complaint, dkt. no. 23. On January 5, 2018, Hoteles Solaris filed a motion for leave to amend or correct its answer, dkt. no. 17, asking the court to allow it to add an affirmative defense regarding the statute of limitations under law of the Mexican state of Quintana Roo, dkt. no. 18. The plaintiffs opposed the motion, citing bad faith, dilatory tactics and undue prejudice. Dkt. No. 19. Because this case is in the early stages, and because Fed. R. Civ. P. 15(a)(2) requires the court to freely give leave to amend when justice requires it, the court will grant the defendant's motion.

1

## I. BACKGROUND

The complaint alleges that while on vacation in Quintana Roo, Mexico,[1] plaintiff Linda Zajork slipped and fell on water that covered the second floor of the GR Caribe hotel. Dkt. No. 1. The plaintiff brought two claims against the defendants; negligence and a violation of Wisconsin's safe place statute. Id. At the plaintiff's request, Magistrate Judge William E. Duffin appointed a process server to serve defendant Hoteles Solaris. Dkt. No. 4.

Hoteles Solaris filed its answer on June 27, 2017. Dkt. No. 13. The answer raised nine affirmative defenses: (1) lack of personal jurisdiction; (2) *forum non conveniens*; (3) inapplicability of Wisconsin's Safe Place Statute; (4) that the plaintiff's carelessness and negligence may have caused her injuries; (5) limited contractual or legal liability; (6) failure to mitigate damages; (7) others' acts/omissions may have caused plaintiff's injuries and damages; (8) qualified immunity; and (9) failure to exhaust. Id. at 5-6. The court waited (too long) for Transamerica to answer or otherwise respond before realizing that it had not been served; eventually, the court issued an order requiring the plaintiff to show cause why Transamerica should not be dismissed for failure to timely serve. Dkt. No. 22. When the court received no response, it dismissed Transamerica as a defendant, dkt. no. 23, and set a Rule 16 status conference for October 23, 2018, dkt. no. 24.

---

[1] The popular vacation city of Cancún is located in the state of Quintana Roo.

A.  Defendant's Motion for leave to Amend/ Correct Answer (Dkt. No. 17)

On January 5, 2018, Hoteles Solaris filed this motion to amend its answer under Rule 15(a). Dkt. No. 17. The defendant explained that in answering the complaint, it originally doubted whether the plaintiff could show that this court had personal jurisdiction. Dkt. No. 18 at 2. At some point post-answer, the defendant recognized that its jurisdictional argument would not be viable because of "the relationship between the Defendant and The Mark Travel Corp.—the Wisconsin travel agency through which the Plaintiffs booked their trip[.]" Id. The defendant indicated that with the jurisdictional argument no longer viable, it performed a choice of law analysis and now "has reason to believe the Quintana Roo statute of limitation would apply to Plaintiffs' claims." Id. The motion seeks leave to add this affirmative defense to the nine the defendant already has raised.

The plaintiffs object to the amendment, saying that the court can (and should) deny an amendment to a pleading where there is undue delay, bad faith, dilatory motive or undue prejudice to the opposing party. Dkt. No. 19 at 6 (citing Ferguson v. Roberts, 11 F.3d 696, 701 (7th Cir. 1993)). They argue that the defendant's assertion that it belatedly recognized personal jurisdiction was made in "bad faith," and assert that the defendant has engaged in "dilatory tactics" because it allegedly had not (as of the date of the motion) replied to the plaintiffs' interrogatories or requests for production of documents. Id. The plaintiffs conclude that because the defendant had not provided additional discovery responses, granting leave to amend "would cause undue prejudice to

Plaintiffs, with regard to any defense they attempt to mount to Defendant's inevitable motion concerning choice of law." Id. at 10.

## II. ANALYSIS

Rule 15(a) governs when a party seeks to amend its pleadings before trial. The time has passed for the defendant to amend its complaint as a matter of course under Rule 15(a)(1), so the court looks to Rule 15(a)(2). That provision reads, ". . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this is a "liberal standard," Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015), "leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

The court concedes that this case in "old" in the sense that the plaintiffs filed their complaint in February 2017. The fact that the case has been pending for a year and a half, however, is not due to any fault of defendant Hoteles Solaris. The plaintiffs did not serve one of the defendants they sued—Transamerica—and to this day have not explained why. The court should have noticed that fact far sooner than it did, but that is part of the reason for the aging of the case. When the court did issue an order to show cause, the plaintiffs did not respond. Dkt. No. 22.

4

In any event, Hoteles Solaris filed this motion for leave to amend a little over six months after it had filed its answer, at a time when there had been no activity in the case. Relatively little activity has taken place in the interim. The court has not held its Rule 16 conference or issued a scheduling order regarding discovery or dispositive motion practice. The plaintiffs do not cite any cases in which a court denied a motion to amend an answer this early in a case. The cases the plaintiffs cite have denied motions to amend much later in the case, such as on the eve of trial, see Gagan v. Am. Cablevision, 77 F.3d 951, 968 (7th Cir. 1996), after the court has denied a motion for summary judgment, Castro v. Chi. Hous. Auth., 360 F.3d 721 (7th Cir. 2004), or one month after discovery had closed, Crest Hill, 396 F.3d at 804. The procedural posture of this case stands in stark contrast.

The stage of the case also belies the plaintiffs' claims of undue prejudice. The plaintiffs assert that the defendant has not answered certain interrogatories and has not responded to requests for production of documents. Given that there is no scheduling order in place—no deadline for completing discovery—the authority setting a deadline for the defendant to respond to requests for interrogatories is the one in Rule 33(b)(2) (thirty days), and the authority setting a deadline for the defendant to respond to requests for production is the one in Rule 34(b)(2)(A) (also thirty days). The plaintiffs say they served these discovery demands on September 8, 2017 and had not (as of the date of their objection) received responses. If that is the case, there is a remedy. The plaintiffs may file a motion to compel under Fed. R. Civ. P. 37

(complying first with the requirements of this court's Local Rule 37). They may, through such a motion, request sanctions, if they think sanctions are appropriate. Asking this court to deny leave to amend for failure to timely respond to discovery demands, however, amounts to a back-door motion for discovery sanctions, without complying with the requirements of Rule 37 (national and local).

Given that the court has yet to set a discovery deadline, the plaintiffs will have sufficient time to obtain the information that they seek to defend against a potential choice of law/conflict of law/statute of limitations motion.

Finally, the defendant indicated that it had missed the statute of limitations defense in its original answer because it originally thought the court lacked personal jurisdiction. The plaintiffs respond that, based on the defendant's admissions, the defendant couldn't have thought this, because it knew that the plaintiffs had booked the trip through Mark Travel. Thus, the plaintiffs argue, the defendant seeks leave to amend in bad faith. The court disagrees. The defendant does not indicate that it didn't know that the plaintiffs had used a Wisconsin travel agency to book the trip. Rather, they say that after they filed their answer, they "confirmed" that fact. It appears that post answer, the defendant collected information about the contract between Mark Travel and the defendant, and conducted its choice-of-law analysis. After doing all of that, the defendant sought leave to amend. The fact that the defendant did its due diligence before seeking leave to amend does not constitute bad faith.

### III. CONCLUSION

The court **GRANTS** the defendant's motion for leave to amend/correct its answer, dkt. no. 17.

The court **ORDERS** that the defendant shall file its amended answer no later than the end of the day on **Friday, September 21, 2018.**

Dated in Milwaukee, Wisconsin this 6th day of September, 2018.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **United States District Judge**